148    324
25 SC ¹460

## Glass *v.* Fritz, Appellant.

*Water courses—Natural flow of water—Damages for obstruction.*

An action will lie to recover damages for obstructing the natural flow
of water, whereby it is prevented from discharging from the lands of
plantiff to the lands of defendant.

" *Wet and spouty lands* "—*Act of April* 4, 1863.

Such action will lie notwithstanding the act of April 4, 1863, P. L. 293,.
which is a special act applicable to certain counties, and the special pro-
ceedings under which are entirely distinct from the common law action for
the obstruction of a natural water course.

Argued March 15, 1892. Appeal, No. 60, Jan. T., 1892, by
defendant, Enoch Fritz, from judgment of C. P. Lycoming
Co., Sept. T., 1890, No. 326, on verdict for plaintiff, James T.
Glass. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOL
LUM and HEYDRICK, JJ.

Trespass to recover damages for obstruction of natural water course.

The facts appear by the charge of the court below, METZ-GER, P. J., which was as follows:

" This is an action brought by James T. Glass against Enoch Fritz to recover damages for obstructing the natural course of the water and throwing it back on plaintiff's land.  The plaintiff and defendant own adjacent farms in Brady township, this county.  Some years ago the defendant built a private road over his land, along the southern boundary of the plaintiff's land.  This road, it is claimed by the plaintiff, is somewhat higher than the lands of the parties on either side thereof.  At a certain point in this road shown on the map used in this case, the plaintiff contends, the waters which fell on his lands were accustomed to flow and pass over the lands of defendant, until obstructed by him.  It is alleged that many years ago a ditch was dug by the plaintiff through his land from the public road, shown on map, to this private road of defendant, at the point where the latter filled up the crossing which had previously carried the water over said road on the lands of defendant. [This ditch, it is alleged by plaintiff, was dug through a ravine and in the same channel or course through which the waters that fell on his land were accustomed to flow, and that the ditch did not change the natural course of the water, but was simply intended to aid and direct the natural flow.] [4]

" [On the part of the defendant it is claimed that the natural course of the drainage or flow from the plaintiff's land was not to and across the defendant's land at the point contended for by plaintiff; that the ditch made by the plaintiff diverted the water from its natural course where it was accustomed to flow, which course they claim to have been toward the southwest corner of the Glass tract, as shown on their map.] [5]  Defendant also contends that there never was any natural course for the water which fell on plaintiff's land—that it was standing water and not a stream, and that plaintiff could not collect water standing on his land and by an artificial channel turn it over in a body on defendant's land.  If you should find from the evidence the facts to be as contended for by the defendant, the plaintiff cannot recover; on the other hand, if you find them to be as contended for by the plaintiff, then he is enti-

tled to recover.  In reference to there being a stream of water,
we instruct you, that it is not necessary that there should be a
continual flowage of water to constitute a stream in the eyes
of the law.  If the waters on plaintiff's lands that came from
rains and snows were accustomed to flow in a certain course,
through a certain place over his land, and naturally passed
over the lands of the defendant at a certain point, such custom-
ary flowing of water can no more be obstructed than a contin-
uous stream of flowing water.  Whatever is the natural direction
of the excess of waters in floods and freshets, as in seasons of
ordinary water must be left as nature has made it.  If you
find that the waters which in heavy rains or snows fell upon
plaintiff's land were not accustomed to remain there until
they evaporated or were absorbed by the earth, but were accus-
tomed to flow away in a certain channel or direction, whether
rapidly or slowly, is immaterial.  [Then your inquiry will be
what was the natural course of such flowage of water.  Did it
naturally flow down in the ravine, as claimed by the plaintiff,
where the ditch made by him is located, or was it accustomed
to flow in a different direction?]  [6]  In other words, if the
plaintiff had not dug the ditch, would the water have flowed
from his land over the defendant's land, if the private road
made by him had not been higher than the level of the land
on either side, or if the depression in the road had not been
filled up and thus impeded the flow of the water?  If the water
would have naturally flowed there and the ditch was made only
to aid and direct the natural flow, and the defendant by any
means obstructed the passage of the water and threw it back
on the plaintiff's land, then the plaintiff is entitled to recover
such damages as he has sustained by reason of such act of the
defendant.  The inferior owner has no right to prevent the
waters which descend on the lands of the superior owner from
flowing where they were accustomed to flow.  As was said by
the Supreme Court in the case of Kaufman v. Griesemer:  Be-
cause water is descendible by nature, the owner of a dominant
or superior heritage has an easement in the servient or inferior
tenement, for the discharge of all waters which by nature rise
in, or flow, or fall upon the superior.  The owner of the higher
lands is called the owner of the dominant or superior heritage,
and the owner of the lower land the owner of the inferior her-

itage ;—the owner of the lower lands must receive the waters which flow naturally from the lands more elevated.

" He cannot change the course of the natural flow of water or stop it in its course by any obstruction, placed either on his own lands, or on the lands of the superior owner.

" If, therefore, the defendant has stopped the flow of the water in its natural course by an embankment, as alleged in plaintiff's statement, or by any obstruction whatsoever, and has thus been the cause of backing the water up on plaintiff's land, whereby he is damaged, then the plaintiff is entitled to recover from him such damages. If, on the other hand, the plaintiff has diverted the water from its natural course, and is attempting to force it upon the land of defendant at a place where it would not naturally flow, then the defendant had a right to obstruct it, and the plaintiff could not recover.

" If this water on plaintiff's land was accustomed to flow from plaintiff's land, then the simple question for you to determine is, ' Where did nature design it to run ? ' Has the natural flow of water and drainage of the land of the plaintiff been obstructed by the private road of the defendant? This is the question for you to determine.

" I have not gone over the facts, because these are for you, and according as you may find the facts to be, your verdict must be. [If you find the facts to be as stated in my general charge, that the natural course of the water from these lands (indicating on map) is down this ravine until it meets the private lane of the defendant, and the plaintiff has not diverted the natural course of this water, then, I think, the plaintiff would be entitled to recover ;] [7] but if, on the other hand, the course of the water was changed down this way (indicating)—I mean if the natural course of the water was around this way, as contended by the defendant, then the plaintiff would have no right to divert the water from its natural course by making a ditch down there, (indicating on map ;) but if it did run there before, or was accustomed to run there, he had a right to aid and assist nature in running it there as long as he didn't change its natural course. Now, that is the whole question in this case.

" Now, you have heard this testimony in reference to the peculiar character of this ground, and it will be for you to con-

sider now ' Where did the water naturally collect and where did it naturally flow to ? '

" [Now, although the water might have run in a somewhat different direction, yet, if, because of any impediment, before it passed over the lands of the defendant, it would be returned back so as to pass through there (indicating point on map) then, he has not, by that ditch, diverted its natural course.] [8]

" [If you should find in favor of the plaintiff, then you will have to determine what the damages should be. You have heard the evidence that was given in this case in reference to the damage, but it does not follow, that because there is a difference, say of $25.00 per acre, in the value of the land, as it now is, and the value of the land as it would be if the water were allowed to follow its natural course—it does not follow that that must be the amount of damages which you must give in this case. Because, if the plaintiff recovers in this case, then he has the right to have his land drained as nature intended it, and from now on has the right to enforce the removal of any obstruction on the part of the defendant that will prevent its running there.

" You will take into consideration, therefore, the length of time which has elapsed since the water has been obstructed, if it has been so obstructed by the defendant, and calculate what in your judgment is the damage which has been sustained by the plaintiff. The value given may be some basis for you to figure on.] " [9]

The defendant submitted, inter alia, the following points :

" 3. If the jury believe from the evidence that the lands in regard to which the controversy in this case arises are wet or spouty or swampy lands, and that the plaintiff has failed or neglected to follow the provisions or comply with the requirements prescribed by the act of assembly approved the 4th day of April, A. D. 1863, and the several supplements thereto, providing for the drainage of such lands, and requiring inter alia of the owner or owners of such lands desiring to drain the same upon or over the land of other owner or owners, to present a petition to the court of quarter sessions of the proper county, setting forth the situation thereof and the necessity for such drainage and asking for the appointment of viewers or commissioners to view the property, locate drains, assess damages, etc., that

then and in that case, the plaintiff has mistaken his form of remedy in the bringing of this suit, and is not entitled to recover in this action and their verdict should be for the defendant.

"*Answer:* This point is affirmed, provided you find from the evidence in this case, that the defendant has not obstructed the natural flow of the water from the plaintiff's land, but has only, by a countervailing impediment, prevented the water from being carried on his land through an artificial ditch, which otherwise would not have flowed there. If, by any obstruction, the defendant has prevented the water from the premises of the plaintiff from passing on defendant's land, which would naturally have flowed there but for such obstruction, then the plaintiff can recover for the damage occasioned by stopping such natural drainage and flow of water.

"If the plaintiff in this case had declared for obstructing the ditch made on his land, this point would be affirmed without qualification, but this action is brought to recover damages for obstructing the natural course of the water, and hence the question for you to determine is, simply, whether the defendant, by an embankment or other obstruction placed upon his land, has prevented the water on plaintiff's land from running off by its natural course, and has thus caused the plaintiff damage. [1]

"4. If the jury believe from the evidence that the lands in regard to which the controversy in this case arises are wet or spouty, or swampy lands, such as are contemplated by the act of assembly approved the 4th day of April. A. D. 1863, and the several supplements thereto, that then the plaintiff's proper and legal remedy for the drainage of his land mentioned in this case is by proceeding under, following and complying with the provisions of the said act of April 4, 1863, and the several supplements thereto, and that if the plaintiff has failed so to do that then he is not entitled to recover in this action and their verdict should be for the defendant.

"*Answer:* We answer this point in the same way as we answered the last preceding point. It depends upon the evidence in this case, as to whether you find the natural flow of the water was that way or not. [2]

"5. If the jury believe from the evidence that the lands in regard to which the controversy arises in this case are wet or

spouty, or swampy lands, such as are contemplated by the act of assembly of April 4, 1863, and the several supplements thereto, that then a special form of remedy for the drainage of the plaintiff's land mentioned in this case is provided by said act of April 4, 1863, and its several supplements, which special form of remedy the plaintiff is bound strictly to pursue by reason of the provisions of the act of assembly approved 21st March, A. D. 1806, which provides as follows, to wit: 'In all cases where a remedy is provided or duty enjoined or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of said acts shall be strictly pursued; and no penalty shall be inflicted or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act or acts into effect;' and if the jury believe from the evidence plaintiff has failed so to do, he is not entitled to recover in this action, and their verdict should be for the defendant.

"*Answer:* We cannot unqualifiedly affirm this point, but give the same explanation and answer that we gave to the third point." [3]

Verdict for plaintiff for $200 and judgment thereon. Defendant appealed.

*Errors assigned* were (1–3) answers to defendant's points given above, quoting the points and the answers; (4–9) portions of the charge in brackets, quoting them.

*Nicholas M. Edwards* and *Charles K. Geddes*, for appellant.

*Henry C. Parsons, Emerson Collins* and *J. B. Coryell* with him, for appellee.

Per Curiam, March 28, 1892:

We cannot sustain any of the specifications of error in this case. The defendant's 3d, 4th and 5th points might well have been refused. The court affirmed them, however, with a qualification which was in the defendant's favor. We are unable to see what the act of April 4, 1863, relative to the wet or spouty lands in certain counties, has to do with the case. This was not a proceeding under that act. It was an action brought to recover damages against the defendant for obstructing the natural course of the water and throwing it back on the plain-

tiff's land. The jury have found the flow of water and its obstruction, and we find no error in the manner in which these questions of fact were submitted to them by the court.

Judgment affirmed.